IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Case No. 5:22-cv-00408

| | |
|---|---|
| DOUGLAS BALLARD, | ) |
| Plaintiff, | ) ) |
| v. | ) **COMPLAINT** |
| | ) **JURY TRIAL DEMANDED** |
| FAYETTEVILLE STATE UNIVERSITY, | ) ) |
| Defendant. | ) |

COMES NOW Plaintiff Douglas Ballard ("Mr. Ballard"), complaining of Defendant Fayetteville State University ("Defendant"), alleges and says the following:

## INTRODUCTION

1. This action stems from Defendant's termination of Mr. Ballard, a black man, which was done in retaliation for his reports of workplace violence he made about his white supervisor, Larry Treadwell ("Treadwell"), who unlawfully touched a black co-worker.

2. Each paragraph of this Complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

## JURISDICTION

3. Mr. Ballard's claims arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), N.C. Gen. Stat. § 126-85 (the "North Carolina Whistleblower Act"), and North Carolina common law.

4. Jurisdiction and venue are proper pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1332, and 28 U.S.C. § 1343.

5. A substantial part of the unlawful acts alleged herein were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

1

6. Costs and attorney's fees may be awarded pursuant to Title VII, the North Carolina Whistleblower Act, and Fed. R. Civ. P. 54.

7. This Court should assume supplemental jurisdiction of Mr. Ballard's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are based upon the same operative facts as the Title VII claim over which this Court has jurisdiction. Judicial economy, convenience, and fairness to the parties suggest that this Court assume and exercise jurisdiction over the claims alleged herein.

## PARTIES

8. Mr. Ballard is an African American citizen of the United States and a resident of Fayetteville, North Carolina.

9. Defendant is a component of the University of North Carolina, a state institution and government body, established pursuant to the laws of the State of North Carolina.

10. At all times relevant to this Complaint, Mr. Ballard was an "employee" as that term is defined by Title VII and the North Carolina Whistleblower Act.

11. At all times relevant to this Complaint, Defendant was an "employer" as the term is defined in Title VII.

## ADMINISTRATIVE HISTORY

12. On or about February 10, 2022, Mr. Ballard filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). A copy of the February 10, 2022 Charge of Discrimination is attached hereto as Exhibit A.

13. The EEOC issued a "Dismissal and Notice of Rights" on July 10, 2022. Mr. Ballard received the July 10th Dismissal and Notice of Rights letter concurrent with its issuance. A copy of the July 10th Dismissal and Notice of Rights letter is attached hereto as Exhibit B.

14. This Complaint is being filed within 90 days from the date Mr. Ballard received the Dismissal and Notice of Rights from the EEOC.

15. Mr. Ballard has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## FACTS

16. Defendant hired Mr. Ballard to be Digital Initiatives Librarian at the school library.

17. On or about November 9, 2021, Mr. Ballard witnessed Treadwell, his supervisor, grab a black female co-worker's sweater, pulling it down past her bra strap in order to get her to listen to him.

18. Shocked by Treadwell's improper conduct, Mr. Ballard reported the incident to Defendant's Human Resources and Title IX offices.

19. Specifically, on December 15, 2021, Mr. Ballard told Defendant that he believed that Treadwell assaulted his female co-worker because of her race – black.

20. In retaliation for Mr. Ballard's report about Treadwell's conduct, Treadwell fired Mr. Ballard on January 7, 2022.

21. At the time Treadwell fired Mr. Ballard, he was aware of Mr. Ballard's report to Defendant's Title IX and Human Resources offices.

## COUNT I – RETALIATION

22. Mr. Ballard hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

23. Title VII prohibits retaliation against employees who oppose discrimination prohibited by the statute.

24. Mr. Ballard engaged in protected activity within the meaning of Title VII by reporting Treadwell's racially motivated assault against his black co-worker.

25. At the time of her reports, Mr. Ballard was meeting all of his job expectations.

26. Mr. Ballard was punished and terminated from his position with Defendant in retaliation for his protected activity.

27. The individual responsible for Defendant's retaliatory action knew of Mr. Ballard's protected activity at the time of the retaliation.

28. As a direct and proximate result of Defendant's retaliation, Mr. Ballard suffered and continues to suffer economic losses, pain and suffering, and other nonpecuniary losses.

29. Mr. Ballard has incurred and continues to incur lost wages, loss of earning capacity, and other damages in an amount to be proven at trial.

30. Mr. Ballard is entitled to recover his reasonable attorney's fees and costs.

## COUNT II – WRONGFUL DISCHARGE

31. Mr. Ballard hereby realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

32. It is North Carolina's public policy to prevent violence, specifically prohibiting violence against women and school employees.  N.C. Gen. Stat. § 14-33(c).

33. Mr. Ballard engaged in activity protected by law when he reported Treadwell's unlawful conduct to Defendant.

34. Mr. Ballard's employment was terminated because he engaged in this protected activity.

35. As a direct and proximate result of Defendant's conduct, Mr. Ballard suffered and continues to suffer economic losses, pain and suffering, and other nonpecuniary losses.

36. Mr. Ballard has incurred and continues to incur lost wages, loss of earning capacity, and other damages in an amount to be proven at trial.

## COUNT III – VIOLATION OF NC WHISTLEBLOWER ACT

37. Mr. Ballard hereby realleges and reincorporates by reference the foregoing paragraphs as if fully set forth herein.

38. N.C. Gen. Stat. § 126-84 provides that it is the public policy of this state that state employees shall be encouraged to report verbally or in writing to their supervisor, department head, or other appropriate authority, evidence of activity by a state agency or state employee constituting "a violation of state … law, rule, or regulation."

39. N.C. Gen. Stat. § 126-85 provides that no head of any state department, agency or institution or other State employee exercising supervisory authority shall discharge, threaten or otherwise discriminate against a state employee regarding the state employee's compensation, terms, conditions, location or privileges of employment because the state employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, any activity described in N.C. Gen. Stat. § 126-84, unless the state employee knows or has reason to believe that the report is inaccurate.

40. N.C. Gen. Stat. § 126-85 provides that no state employee shall retaliate against another state employee because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, any activity described in N.C. Gen. Stat. § 126-84.

41. Defendant is a state institution for the purposes of the North Carolina Whistleblower Act.

42. Treadwell, at all relevant times, was a state employee exercising supervisory authority for purposes of the North Carolina Whistleblower Act.

43. Mr. Ballard's report to Defendant regarding Treadwell's assault on a female was protected under the North Carolina Whistleblower Act.

44. Treadwell retaliated against Mr. Ballard because of Mr. Ballard's protected activity

45. Treadwell's actions, which are attributed to Defendant, constitute a willful violation of the North Carolina Whistleblower Act.

46. As a direct and proximate result of Defendant's conduct, Mr. Ballard suffered and continues to suffer economic losses, pain and suffering, and other nonpecuniary losses.

47. Mr. Ballard has incurred and continues to incur lost wages, loss of earning capacity, and other damages in an amount to be proven at trial.

48. The North Carolina Whistleblower Act entitles Mr. Ballard to treble damages plus costs and reasonable attorney's fees for Defendant's violations of the law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff hereby requests the following relief:

1. Injunctive relief for reinstatement into a substantially similar position within Fayetteville State University and to enjoin Defendant from future acts in violation of Plaintiff's rights;

2. Plaintiff has and recovers from Defendant for all economic damages in an amount to be proved at trial;

3. Plaintiff has and recovers from Defendant for all non-economic damages in an amount to be proved at trial;

4. Plaintiff has and recovers from Defendant for treble damages in an amount to be determined by the jury;

5. All costs, interest, and expenses, including reasonable attorney's fees, be taxed to the Defendant;

6. All issues of fact herein be tried by a jury;

7. Recovery for pre-judgment and post-judgment interest on all amounts awarded herein; and

8. All other relief which this Court deems just and proper.

This the 7th day of October, 2022.

                                       OSBORN GAMBALE BECKLEY & BUDD PLLC

BY: _____
                                       JOSEPH D. BUDD
                                       N.C. Bar No. 44263
                                       721 W. Morgan St.
                                       Raleigh, North Carolina 27603
                                       joe@counselcarolina.com
                                       919.373.6422
                                       Facsimile: 919.578.3733